FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 14 2016 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JAMES JOHNSON,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

----------------------------------------------------------------X

98-CR-860 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

James Johnson, who is currently incarcerated at FCI Cumberland in Cumberland, Maryland, moves the court *pro se* to restore 724 days of "non-vested good conduct time," which he lost pursuant to two disciplinary sanctions. Because jurisdiction properly lies in the District of Maryland, the petition is transferred to that court.

Johnson stylizes his petition as one to modify his sentence under 18 U.S.C. § 3582(c). A challenge to a loss of good time credits, however, is properly brought under 28 U.S.C. § 2241 as a challenge to the execution of a sentence. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Because petitioner is proceeding *pro se*, this court will liberally construe his petition to have been filed under § 2241. *See Henry v. United States*, No. 11-CV-391, 2014 WL 7075800, at *3 (E.D.N.Y. Dec. 12, 2014).

Jurisdiction over § 2241 petitions lies in the district of confinement. *Falconi v. United States*, No. CV-03-4272, 2004 WL 2297823, at *1 (E.D.N.Y. Oct. 13, 2004) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Johnson is incarcerated in the District of Maryland.

1

Johnson's § 2241 petition is thus transferred to the District of Maryland, which has jurisdiction. The Clerk of the court is directed to send the court file the United States District Court for the District of Maryland in accordance with Local Civil Rule 83.1.

SO ORDERED.

/s/(ARR)
_____
Allyne R. Ross
United States District Judge

Dated: October 13, 2016
      Brooklyn, New York